IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CONNIE A. LENTZ,
W7827 County Road B
Coleman, WI 54112,

          Plaintiff,

v.

Case No.: 1:23cv-

FARMERS AND MERCHANTS BANK & TRUST HEALTH AND WELFARE BENEFIT PLAN,
1644 Ludington Street
Marinette, WI 54143,

PROFESSIONAL BENEFIT ADMINISTRATORS, INC.,
900 Jorie Boulevard, Suite 250
Oak Brook, IL 60523-3827,

          Defendants.

## COMPLAINT

Plaintiff, Connie Lentz, by her attorneys, MGW Law, LLP, alleges as follows:

### THE PARTIES

1. Plaintiff Connie Lentz is an adult resident of Wisconsin with a principal address of W7827 County Road B, Coleman, Wisconsin 54112.

2. Farmers and Merchants Bank & Trust (the "Company") is and was at all relevant times a corporate entity existing under the laws of the State of Wisconsin, with a principal place of business located at Farmers and Merchants Bank & Trust, 1644 Ludington Street, Marinette, Wisconsin 54143, and whose agent for service of process is Thomas K. Maxwell at the same address.

3. Defendant Farmers and Merchants Bank & Trust Employee Health and Welfare

Benefit Plan (the "Plan") is an employee benefits plan controlled by the terms and conditions outlined in the Plan Document and Summary Plan Description (the "Plan Document"). The Plan Document names the Company as the plan sponsor, plan administrator, and agent for service of process. The Plan Document also states that the Plan exists as a separate legal entity located at 1644 Ludington Street, Marinette, Wisconsin 54143.

4. Defendant, Professional Benefit Administrators, Inc. ("PBA"), was at all relevant times a foreign corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 900 Jorie Boulevard, Suite 250, Oak Brook, Illinois 60523 and with a registered agent for service of process Ronald Walter at that same address.

## JURISDICTION & VENUE

5. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331, which gives this Court jurisdiction over all civil actions arising out of the laws of the United States. This controversy arises under 29 U.S.C. § 1001 *et seq.* ("ERISA").

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) as the claim for health insurance benefits giving rise to this action occurred in Marinette and/or Milwaukee County, Wisconsin.

## GENERAL ALLEGATIONS

7. At all relevant times Connie Lentz was a beneficiary of the Plan which provided coverage for medical expenses she incurred in the State of Wisconsin, subject to the Plan's terms and conditions.

8. The Plan states that "The Plan is designed to protect you and your Family against catastrophic health care expenses by providing reimbursement for **the great majority of Covered**

**Expenses**." (emphasis added)

9. The Plan Document specifically outlines that it provides Coverage for both PPO and non-PPO Providers ambulance services.

10. The Plan Document specifies a set of "Covered Expenses" including "Charges for Medically Necessary air ambulance service."

> Covered Expenses are limited to:
>
> 1. **Ambulance.** Charges for local professional ground ambulance service to the nearest facility where Emergency Medical Care or treatment is rendered, or the Medically Necessary transfer from one facility to another.
>
>    Charges for Medically Necessary air ambulance service to the appropriate facility for Emergency Medical Care or treatment if the patient's Condition is life threatening.
>
>    The "nearest facility" is defined as one that is specialized and equipped to care for the person's Condition.

11. On December 13, 2021, Ms. Lentz was admitted to Aurora Medical Center Bay Area in Marinette, Wisconsin for treatment of abdominal pain and other symptoms.

12. Dr. Alok Arora ordered a CT scan of Ms. Lentz's abdomen which showed she had portal vein thrombosis, a blood clot threatening to cut off blood flow to her liver, her large intestine, and her small intestine.

13. Dr. Alok Arora observed Ms. Lentz was already suffering bowel thickening from a lack of blood flow to her intestines and that she had low blood supply to her organs.

14. Ms. Lentz's condition was life threatening.

15. Removal of the precariously located blood clot required a specialized radiological care and a delicate procedure not available at the Bay Area Medical Center.

16. Several nearby hospitals were full and unable to receive Ms. Lentz as a patient.

17. It was determined the Aurora Critical Care Service Aurora St. Luke's Medical Center

3

in Milwaukee ("St. Luke's") could accept Ms. Lentz and treat her condition, under the care of Dr. Jeremy Siegrist, a specialist in Pulmonary diseases and Critical Care.

18. Dr. Arora observed that Ms. Lentz was in critical condition and needed transport to a hospital with the necessary treatment as quickly as possible.

19. Dr. Arora and Dr. Siegrist agreed the physical demands and long duration of ground transport would have caused Ms. Lentz's condition to deteriorate creating a significant risk she would be dead on arrival at St. Luke's.

20. Dr. Arora and Dr. Siegrist agreed the shorter duration and less physically taxing air ambulance service was medically necessary.

21. Dr. Arora certified in writing that Ms. Lentz suffered from "an emergency medical condition" and the risks of transport were outweighed by the benefits of treatment at St. Luke's.

22. Prior to departing Bay Area Medical Center, Ms. Lentz was given a heparin injection, a pharmaceutical anticoagulant, in the hopes it would reduce the size of the blood clot.

23. As of the start of her air ambulance transfer, it was not known whether the anticoagulant would have any affect on Ms. Lentz's condition.

24. Ms. Lentz was then transported by Superior Air Ambulance Service from Marinette to St. Luke's in Milwaukee.

25. Only at St. Luke's was it confirmed that Ms. Lentz was responding favorably to the heparin.

26. On the morning of December 14, 2021, Ms. Lentz received the highly specialized care for which she had been transferred. Surgeons gained access to her portal vein, used a specialized catheter within the portal vein and dissolved the blood clot.

27. Shortly after her air ambulance transport, Superior Air Ambulance Service filed a claim for benefits on behalf of Ms. Lentz.

28. The Plan assigned Claim No. 222-0000159281-04.

29. All with the benefit of hindsight not available to her treating physicians, the Plan denied Ms. Lentz's claim for benefits. Their reasoning was that because she had responded well to heparin, her transport to St. Luke's was less urgent, and that means the air ambulance transport was not medically necessary.

30. On April 29, 2022, Dr. Arora wrote a letter to express his opinion that the air ambulance was medically necessity and re-affirming that Ms. Lentz required, "urgent air transfer for emergency radiological intervention at St. Luke's in Milwaukee due to the time critical nature of Ms. Lentz's illness."

31. On July 16, 2022, Dr. Siegrist, also wrote a letter in support of the transport to St. Luke's. Dr. Siegrist stated that had Ms. Lentz been sent by ground transport, she would have arrived with, "shock liver and extensive dead bowl – a situation she would likely not have survived".

32. On July 19, 2022, Ms. Lentz field an appeal of the denial of benefits including the letters from her treating physicians.

33. On September 20, 2022, the Plan and PBA denied Ms. Lentz's first appeal, again claiming her air ambulance transport was not medically necessary.

34. On October 20, 2022, Ms. Lentz filed a second appeal with her medical insurance company requesting benefits for payment of the air ambulance transport.

35. On December 1, 2022, the Plan and PBA denied Ms. Lentz's second appeal, again claiming her air ambulance transport was not medically necessary.

36. His letter informed Ms. Lentz that she had exhausted all appeals permitted under internal appeals required under the Plan Document.

## FIRST CAUSE OF ACTION – WRONGFUL DENIAL OF BENEFITS

37. Ms. Lentz has substantially complied with all terms and conditions of the Plan.

38. The Plan is an employee benefit plan governed by ERISA, 29 U.S.C. § 1002(3).

39. The Plan provides coverage for medical care that is medically necessary and received while the Plan was in effect.

40. Air ambulance transport was medically required to treat issues of Ms. Lentz's portal vein thrombosis and its effects on her general health and well-being are covered by the Plan.

41. Ms. Lentz submitted a claim for benefits to pay for the air ambulance services.

42. PBA and the Plan have improperly denied Ms. Lentz's claim for benefits.

43. Ms. Lentz filed two appeals using the processes outlined in the Plan Document.

44. PBA and the Plan have improperly denied Ms. Lentz's appeal requests.

45. Ms. Lentz has exhausted the appeals process outlined in the Plan Document.

46. PBA and the Plan's denial of benefits to Ms. Lentz was arbitrary and capricious.

47. By virtue of the terms of the Plan is obligated to pay amounts due and owing to Ms. Lentz or on Ms. Lentz's behalf for her covered medical care.

48. Pursuant to 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought to recover benefits due, enforce rights under the plan, or to clarify rights to future benefits under the terms of an ERISA plan, such as the one at issue in this matter.

49. Ms. Lentz is entitled to those benefits provided in the Plan for her air ambulance transport expenses.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants as follows:

A. For compensatory damages, including prejudgment interest, arising out of PBA and the Plan's wrongful denial of benefits;

B. For litigation and investigation costs, including attorney's fees; and

C. For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

**PLAINTIFF DEMANDS A TRIAL BY A JURY OF 12 PERSONS**

Dated this 18th day of January, 2023.

                MGW LAW, LLP

                *Electronically signed by John F. Mayer*
By: _____
                John F. Mayer, SBN: 1017384
                Attorneys for Plaintiff Connie A. Lentz

<u>Mailing Address</u>
1425 Memorial Drive
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
jmayer@mgwlawwi.com